UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No.06-47-HRW

LOWELL A. GILLIAM,                                                          PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

Plaintiff Lowell A. Gilliam has brought this civil action pursuant to 42 U.S.C. §405(g) to challenge the Defendant's discontinuation of his Supplemental Security Income (hereinafter "SSI") for the period July 2002 to July 2004 due to excess resources.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Upon an application filed on March 1, 1994, Plaintiff was receiving SSI benefits.

On July 19, 2002, Plaintiff's parents and Plaintiff signed three deeds, transferring three parcels of land to Plaintiff (Tr. 34-43). The first tract of land was granted in fee simple and included the family cemetery (Tr. 34-37). The second tract, referred to as the "Perry Loop property" was granted in fee simple subject to a life estate reserved by the grantors, Plaintiff's parents as this parcel included their residence (Tr. 38-39). The third property, on Marvin Hicks Drive, was granted in fee simple (Tr. 41-42). It was upon this parcel that Plaintff resided at the time of the conveyance.

Plaintiff did not report these conveyances to the Social Security Administration.

In May 2003, Plaintiff's parents passed away (Tr. 60). Plaintiff then moved into their residence on "the Perry Loop property."

In June 2003, the aforementioned deeds were recorded with the County Clerk of Carter County, Kentucky (Tr. 34-43).

In July 2004, Plaintiff deeded the third parcel, his former residence on Marvin Hicks Drive, to his daughter (Tr. 63).

On June 9, 2004, Plaintiff was notified that his SSI benefits would be discontinued. Specifically, the Social Security Administration determined that Plaintiff's new property interest made him ineligible for SSI payments due to

excess income.

Plaintiff contested the discontinuation of benefits and requested a hearing (Tr. 55-56).

On April 22, 2005, an administrative hearing was conducted by Administrative Law Judge James S. Quinlivan (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. Counsel also made arguments on Plaintiff's behalf.

The ALJ subsequently issued a decision in which he found:

> (1) from July 2002 through April 2003, Plaintiff had a remainder interest in the Perry Loop property, valued at $19, 232.55, and is therefore in excess of SSI resource limits;
> (2) from May 2003 through June 2004, Plaintiff owned property on Marvin Hicks drive upon which he did not reside, valued at $15,000, and is therefore in excess of SSI resource limits; and
> (3) in July 2004, Plaintiff sold the property at Marvin Hicks Drive, at which point he no longer had excess resources.

(Tr. 13).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner (Tr. 2-4).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment

3

[Docket Nos. 5 and 6] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

The Social Security Act provides two types of disability programs: Title II and SSI. SSI is a needs-based program. In order to qualify, one must meet certain income and resource requirements. As such, there are financial limitations. In this case, the Commissioner determined that Plaintiff had exceeded one such limitation, to-wit, the $2,000 cap in countable resources for a single individual. *See*, 20 C.F.R. § 416.1205( c).
4

The only property included in the Commissioner's determination is the Perry Loop property. The other tracts are excluded, under the Regulations, from the financial limitations applicable to SSI. *See*, 20 C.F.R. § 416.1210(a) (a person's residence is excluded); 20 C.F.R. § 416.1210(1) (a cemetery plot is excluded).

Plaintiff does not contest the Commissioner's calculation of his remainder interest in the property. Rather, Plaintiff contends that he did not own the property until his parents' death in May 2003. Specifically, Plaintiff contends that the tracts were not countable resources until June 2003, when the deeds were recorded, so that the period of ineligibility would be June 2003 to July 2004. Plaintiff maintains there was no delivery of the deeds prior to June 2003.[1] He testified that after he signed the deeds, at the office of his lawyer, his parents did not give the deeds to him, but, rather, stored them in their safe (Tr. 12).

The Court is mindful that in case of voluntary deed, the law presumes more in favor of delivery than in cases where property was bargained and sold. *See, e.g. White v. Hogge*, 291 S.W.2d 22 (Ky. 1956).

Plaintiff appears to contend that the deed was not deemed delivered until it

---

[1] Although Plaintiff asserts that Kentucky law supports his argument, notably, he does not cite to any statues or cases in his submission to the Court.

was recorded.  Plaintiff states the rule too broadly.  Recordation, although a means of delivery, is certainly not the only way a deed can be delivered.   For example, at common law, physical delivery created a rebuttable presumption of transfer.

It is undisputed that Plaintff signed the deeds, the presence of a notary public, at the office of his lawyer.  What he chose to do with them afterward, is not relevant.  The placement of the deed in Plaintiff's parents' safe, after the signing by all parties, is immaterial.  Illustrative of this point is *Harned v. Smoot*, 209 S.W.2d 485 (Ky. 1948).  In *Harned*, parents executed a deed to their farm to one of five daughters.  Following the death of the father, intestate, three of the other daughters brought suit to cancel the conveyance, contending their had been no delivery.  *Id.* at 486.  The deed was kept in a box along with papers of the father. The Court found that "[t]his does not negative the idea of delivery in the least."  *Id*.  The Court observed that family members often have a "common depository" for papers. *Id.* at 486-487.

Moreover, the reservation of a life estate creates a strong presumption of delivery.  *See*, *White v. Hogge*, 291 S.W.2d at  24 (Ky. 1956) ("[t]he fact that a deed contains a reservation of a life estate in the grantor has been held to create a strong presumption of delivery, on the theory that the reservation indicates an intent that title should immediately vest in the grantee")(internal citation omitted).

Finally, there are no conditions placed upon delivery on the face of the deeds.

Based upon the record, the Court finds that the ALJ did not err in his findings.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 13, 2007.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge